COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Bray
Argued at Norfolk, Virginia

GEORGE FREDERICK DELANEY

v.          Record No. 0594-94-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                      JULY 5, 1995

          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

     Theresa B. Berry (Samford & Berry, on brief), for
     appellant.

     Robert B. Beasley, Jr., Assistant Attorney General
     (James S. Gilmore, III, Attorney General, on brief),
     for appellee.


     George Frederick Delaney (defendant) was convicted by jury on

an indictment which charged concealment, third offense, a felony

pursuant to Code § 18.2-104.  Defendant contends on appeal that the

indictment was not a proper vehicle to initiate and sustain the

felony prosecution and, therefore, the court erroneously admitted

evidence of prior convictions for "like offenses," elements of the

felony.  We disagree and affirm the conviction.

     The indictment in issue alleged unlawful concealment of "goods

or merchandise . . . [after] having previously been convicted at

least twice within the Commonwealth . . . of like offenses," a

felony in violation of former Code § 18.2-104(b).  The former

statute further provided that the predicate convictions

indispensable to the felony must be specified "in the _warrant_ or

_information_."  _Id._ (emphasis added).  Because the instant offense

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

was charged by <u>indictment</u>, defendant argues that the Commonwealth "did not commence prosecution" for the felony in accordance with the statute.  Defendant, therefore, reasons that he was before the court only "on a charge of misdemeanor concealment," and the prior convictions were irrelevant and inadmissible with respect to that offense.[1]

> Rule 3A:9 provides, in pertinent part, that [d]efenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried . . . must be raised by motion made . . . at least 7 days before the day fixed for trial . . . .  Failure to present any such defense or objection . . . shall constitute a <u>waiver</u> thereof.

<u>Id.</u> (b),(c) (emphasis added).  Defendant's challenge to the efficacy of the indictment clearly constitutes a "defense[]" or "objection[] based on [a] defect[] in the institution of the prosecution" of the instant offense.  Rule 3A:9(b).  However, defendant did not raise this issue until the day of trial, thereby waiving "such defense or objection."  <u>Id.</u>

Accordingly, we affirm the conviction.

<u>Affirmed</u>.

---

[1]Former Code § 18.2-104 was subsequently amended to expressly reference "warrant, indictment or information."  Code § 18.2-104.